UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JASON AND CHARLOTTE DOUCETT**<br>Plaintiffs | **CIVIL CASE NO. _____** |
| **versus** | **JUDGE JAMES CAIN** |
| **ALLSTATE INDEMNITY COMPANY**<br>Defendant | **MAGISTRATE JUDGE KAY** |

## ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, come **JASON AND CHARLOTTE DOUCETT** (hereinafter "Plaintiffs"), who respectfully represents as follows:

**Parties**

1.

The parties herein are:

Plaintiffs **JASON AND CHARLOTTE DOUCETT** are natural persons who are domiciled in Calcasieu Parish, Louisiana; and

Made defendant herein is **ALLSTATE INDEMNITY COMPANY** (hereinafter "Defendant"), a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

**Jurisdiction and Venue**

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

1

**Factual Background**

3.

Defendant insured the property of Plaintiffs located at 1589 Southerland Road, Lake Charles, Louisiana under Policy No. 915473565, which was in full force and effect on August 27, 2020, and October 9, 2020.

4.

Where used herein, Defendant refers to not only the named entity but to anyone acting for or on behalf of Defendant in relation to the claims of Plaintiffs, including the employees, contractors, adjusters and agents of Defendant or anyone providing services to Defendant relating to the claims of Plaintiffs.

5.

Hurricane Laura struck the Gulf Coast from August 26-28, 2020, making landfall around 1:00 A.M. on August 27 near Cameron, Louisiana as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the insured property, for several hours. Shortly thereafter on October 9, 2020, Hurricane Delta made landfall as a Category 2 hurricane with strong winds and torrential rains in the location of the insured property.

6.

The above property was damaged as a result of winds and/or wind driven rain associated with Hurricane Laura and/or Hurricane Delta. Not only did the home receive damage rendering it uninhabitable, but the contents and other structures of the residence sustained damage and there were limbs and other debris that had to be removed.

7.

Defendant was notified of the loss and was provided with satisfactory proof of Plaintiffs' loss when it was given full access to inspect all damages at the insured property.

8.

Defendant prepared an estimate which misrepresented the extent and nature of the damage to the Plaintiffs' home and underestimated the amount needed to repair the home.

9.

Plaintiffs, at their own cost, engaged the services of their own adjuster to complete a thorough inspection of the damage caused by Hurricane Laura and/or Hurricane Delta and prepare an accurate, complete and correct estimate of damages.

10.

Plaintiffs sent to Defendant satisfactory proof of loss which consisted of a complete and accurate estimate of damages to the insured property with supporting documents.

**Claim for Breach of Contract**

11.

Defendant owes Plaintiffs the amounts reflected in the satisfactory proof of loss for covered losses to the dwelling and other structures under the above designated policy and has failed to unconditionally tender the amounts owed.

12.

Defendant is in breach of its obligations to Plaintiffs under the insurance policy by its failure to pay timely the amounts owed under the policy.

13.

Plaintiffs are entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the home, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage, less any prior payments and any applicable deductible.

**Claims for Violations of La. R.S. § 22:1892 and/or § 22:1973**

14.

Louisiana Revised Statute 22:1892 obligates an insurer, such as Defendant, to make a written settlement offer and to pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states that failure to make such written settlement offer or payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable attorney fees and costs.

15.

Louisiana Revised Statute 22:1973 imposes on insurers in first party claims a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds. Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within sixty (60) days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

16.

Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes.

17.

More than thirty and sixty days have elapsed since Defendant first received satisfactory proof of loss of all of Plaintiffs' claims and Defendant still has not made an unconditional tender of all amounts owed, thereby triggering application of the penalties found in the above-referenced statutes.

18.

In addition to the amount of the loss owed, Defendant is also liable to Plaintiffs for a penalty of 50% of the amount due from Defendant, as well as reasonable attorney's fees and costs, based on Defendant's failure to make a written settlement offer and to unconditionally tender the amounts owed to Plaintiffs within thirty (30) days after receipt of satisfactory proof of loss because Defendant's failure to do so was arbitrary, capricious, or without probable cause.

19.

As a result of Defendant's failure to timely pay the amounts owed, Plaintiffs have suffered and continue to suffer damages for which Defendant is liable including but not limited to increased cost of construction, replacement costs completed and incurred beyond the contractual time period, loss of use beyond the contractual time period, mental anguish, emotional distress, and inconvenience, for Defendant's misrepresentations of pertinent facts concerning the amounts owed and extent of damage, its coverages, and its insurance policy provisions, as well as for failing to

unconditionally tender the amounts owed to the Plaintiffs within sixty (60) days of receipt of satisfactory proof of loss, because that failure was arbitrary, capricious, or without probable cause.

20.

In addition to actual damages for its violation of Louisiana Revised Statue 22:1973, Defendant is additionally liable to Plaintiffs for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater.

21.

Defendant is and continues to be in violation of both Louisiana Revised Statute 22:1892 and 22:1973 and is liable unto Plaintiffs for damages, statutory penalties, attorneys' fees, interest and costs.

WHEREFORE, after due proceedings hereon, Plaintiffs **JASON AND CHARLOTTE DOUCETT** pray for judgment in their favor against Defendant **ALLSTATE INDEMNITY COMPANY** finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiffs for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest and costs.

RESPECTFULLY SUBMITTED

**COX, COX, FILO, CAMEL & WILSON, LLC**

*s/Somer G. Brown*
**SOMER G. BROWN (Bar No. 31462)**
**MICHAEL K. COX (Bar No. 22026)**
**JACKSON T. RITCHIE (Bar No. 40028)**
723 Broad Street
Lake Charles, LA 70601
Phone: 337-436-6611
Fax: 337-436-9541
somer@coxatty.com
mike@coxatty.com
jackson@coxatty.com